UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENZEL A. SIMMONS,

    Plaintiff,

v.

SHAWN BREWER, A. STEWART, K. LINDSEY, J. HOWARD, C. McCUMBER-HEMRY, S. STEWART, CHADWELL, McCLAIM, KING, McDAVIT, K. FRANCIES, HOWARD, and SCOTT McCLAIN,

    Defendants.
_____/

Case No. 2:18-cv-11040
District Judge Arthur J. Tarnow
Magistrate Judge Kimberly G. Altman

## REPORT AND RECOMMENDATION TO DISMISS DEFENDANTS C. McCUMBER-HEMRY AND CHADWELL WITHOUT PREJUDICE

I.  Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983.  In March of 2018, plaintiff, Denzel A. Simmons, proceeding *pro se* and *in forma pauperis*, filed a complaint naming Shawn Brewer, A. Stewart, K. Lindsey, J. Howard, C. McCumber-Hemry, S. Stewart, Chadwell, McClaim, King, McDavit, K. Francies, Howard, and Scott McClain as defendants.  Under 28 U.S.C. § 636(b)(1), all pretrial matters were referred to the undersigned.  (ECF No. 22).  Defendants C.

1

McCumber-Hemry and Chadwell have yet to be served with the complaint. For the reasons that follow, the undersigned recommends that defendants McCumber-Hemry and Chadwell be dismissed without prejudice for a failure of timely service and failure to provide the Court with valid addresses for these defendants.

## II. Background

In July 2018, the Court *sua sponte* dismissed several defendants and directed that the United States Marshal serve the complaint on the remaining defendants: C. McCumber-Hemry, Chadwell, and Scott McClain. *See* ECF No. 6. To date, only McClain has been served and has answered the complaint. *See* ECF No. 20.

On October 30, 2020, the undersigned entered a show cause order directing Simmons to provide complete names and addresses for McCumber-Hemry and Chadwell so that the United States Marshal could serve the complaint on them. *See* ECF No. 23. On November 9, 2020, Simmons filed a response to the show cause order in which he failed to provide complete names and addresses for McCumber-Hemry and Chadwell. *See* ECF No. 24. Simmons explained that this failure was a result of his status a prisoner and asserted that he did not have the means to determine either the complete names of McCumber-Hemry and Chadwell or their addresses. *Id*.

## III. Analysis

Fed. R. Civ. P. 4(m) provides that if a defendant is not timely served, "the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." As noted above, the undersigned gave Simmons notice, by way of an order to show cause, that McCumber-Hemry and Chadwell were subject to dismissal for failure of service. The undersigned also gave Simmons the opportunity to provide correct addresses for service by the United States Marshal.

Because Simmons was granted leave to proceed *in forma pauperis*, the Court ordered service by the United States Marshal. *See* Fed. R. Civ. P. 4(c)(3). However, as noted in the show cause order, notwithstanding that Marshal's service is ordered, it is the prisoner-plaintiff's responsibility to properly identify a defendant in the complaint, and to provide a proper address for service. *Herbert v. Roark*, 2006 WL 1284695, *1 (E.D. Mich. 2006) (citing *Williams v. McLemore*, 10 F.App'x 241, 243 (6th Cir. 2001) and *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)). *See also Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (prison inmate bears the responsibility for providing defendants' proper addresses for Marshal's service). "Courts have upheld the dismissal of a *pro se* prisoner's civil rights complaint, where the plaintiff failed to provide the district court with the names and addresses of all of the defendants that the plaintiff was filing suit

3

against." *Herbert*, at *1 (citing *Jaakola v. Snyder*, 889 F.2d 1087, 1989 WL 137855, *1 (6th Cir. 1989)).

Since the filing of his complaint over two years ago, Simmons has not provided the court with the identities and addresses of McCumber-Hemry and Chadwell in order for them to be served. He has also been given the opportunity to provide correct addresses for service and has been warned that his failure to do so could result in dismissal. Despite this, he has not provided addresses at which service can be effected. Accordingly, defendants McCumber-Hemry and Chadwell should be dismissed without prejudice under Fed. R. Civ. P. 4(m).

IV. Conclusion

For the reasons stated above, the undersigned recommends that defendants C. McCumber-Hemry and Chadwell be DISMISSED WITHOUT PREJUDICE.

Dated: December 2, 2020  s/Kimberly G. Altman
Detroit, Michigan  KIMBERLY G. ALTMAN
 United States Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 2, 2020.

s/Marie E. Verlinde
MARIE E. VERLINDE
Case Manager
