UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENZEL A. SIMMONS,

      Plaintiff,

      v.

BREWER ET AL.,

      Defendants.

Case No. 18-11040

SENIOR U. S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
KIMBERLY G. ALTMAN

/

**ORDER SUSTAINING PLAINTIFF'S OBJECTION, PROVISIONALLY APPOINTING COUNSEL, AND STAYING THE CASE**

      This is a civil rights case under 42 U.S.C. § 1983. Plaintiff Denzel Simmons is a state prisoner proceeding pro se. Plaintiff has sued several defendants claiming violations of his constitutional rights during his incarceration at the Robert G. Correctional Facility. (ECF No. 1). On July 20, 2018, the Court dismissed *sua sponte* Plaintiff's claims against nine defendants for failure to state a claim. (ECF No. 6). Three defendants remain. Of these defendants, only Scott McClain has been served and answered. (ECF No. 20). To date, the U.S. Marshall has been unable to effect service on the other two Defendants because the Plaintiff has not been able to furnish complete names and addresses for them. (ECF No. 23).

On October 30, 2020, the Court issued an Order to Show Cause directing that Plaintiff must provide additional information for the other two Defendants in order to facilitate service upon them or the claims against those Defendants would be dismissed. *Id.* Plaintiff timely responded that he has provided the Court the information he has (including Defendants' partial names, place of employment, positions, and physical descriptions), but has been unable to locate complete names and home addresses of the two remaining Defendants, and alleges the prison staff is interfering with his ability to obtain this information. (ECF No. 25). Plaintiff requested the Court order the Michigan Department of Corrections to provide the U.S. Marshall with the full name and last known address of the two Defendants because he is unable to obtain that information himself. *Id.* Instead, the Court issued a Report and Recommendation recommending the claims against these two Defendants be dismissed for failure of service. (ECF No. 25).

On June 23, 2021, Mr. Simmons moved to appoint counsel. (ECF No. 32). He states that he is unable to litigate this case himself because has a learning disability and is being denied access to the law library and retaliated against by prison staff for pursuing this complaint. *Id.* On July 27, 2021, the Magistrate Judge issued an order

denying Mr. Simmons' motion to appoint counsel, along with a motion to compel and a motion to subpoena witnesses. (ECF No. 36). The Magistrate Judge denied the motion to appoint counsel on the grounds that Mr. Simmons has been able to adequately participate in his case without counsel. *Id.* Mr. Simmons objected to this order reiterating his difficulties "understand[ing] the rules of what [he is] trying to explain to the courts." (ECF No. 40).

Mr. Simmons' motion to appoint counsel is non-dispositive. As such, this Court reviews the Magistrate Judge's decision for clear error. F.R.C.P. 72(a). Under 28 U.S.C. § 1915, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances," which depend on the type of case, the plaintiff's abilities to represent himself, the complexity of the factual and legal issues involved, and the claim's relative merits. *Lavada v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotations and citations omitted).

The Magistrate Judge concluded Mr. Simmons' learning disability combined with his lack of access to the law library did not constitute sufficiently exceptional circumstances because "Simmons has demonstrated repeatedly, most recently through the motions addressed in this order, that he is capable of expressing his requests to this Court in writing" and therefore of adequately participating in this case without counsel. However, this conclusion is clearly erroneous. Plaintiff's claims against all but three defendants have already been dismissed because he was unable to properly articulate his claims without the advice of counsel. The magistrate judge has recommended his claims against two of the remaining defendants be dismissed because he does not understand or has not been able to obtain the information necessary to effectuate service. Thus, the magistrate judge's finding that he could adequately participate in this litigation was in error. This Plaintiff cannot participate adequately.

The Court agrees to refer Mr. Simmons' case to the Court's Pro Bono Panel in an attempt to have counsel assigned. *See* U.S.C. § 1915(e)(1). The case will be stayed for a period of 90 days while the Court attempts to obtain pro bono counsel. If pro bono counsel cannot be obtained within 90 days, the stay will be lifted, and the

Plaintiff will proceed pro se.

Accordingly,

**IT IS ORDERED** that Plaintiff is provisionally appointed counsel.

**IT IS FURTHER ORDERED** that the case is stayed for 90 days or until pro bono counsel is appointed, whichever comes first.

**SO ORDERED**.

Dated: September 17, 2021

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge