UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENZEL A. SIMMONS,

    Plaintiff,

v.

    Civil Case No. 18-11040
    Honorable Linda V. Parker

SHAWN BREWER, et al.,

    Defendants.

_____/

**OPINION AND ORDER (1) FINDING MOOT THE DECEMBER 2, 2020 REPORT AND RECOMMENDATION [ECF NO. 25] AND PLAINTIFF'S OBJECTIONS THERETO [ECF NO 26]; (2) ADOPTING JANUARY 7, 2022 REPORT AND RECOMMENDATION [ECF NO. 46]; (3) GRANTING DEFENDANT SCOTT MCLAIN'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 28]; AND (4) SUA SPONTE DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANTS MCCUMBER-HEMRY AND CHADWELL**

On March 30, 2018, Plaintiff Denzel Simmons, who is confined in the Michigan Department of Corrections ("MDOC"), filed this pro se civil rights action under 42 U.S.C. § 1983. (ECF No. 1.) The matter is presently before the Court on two report and recommendations by Magistrate Judge Kimberly G. Altman: (i) a report and recommendation ("R&R") (ECF No. 46) recommending that the Court grant Defendant Scott McLain's motion for summary judgment (ECF No. 28); and (ii) an R&R (ECF No. 25) recommending the dismissal without prejudice of Plaintiff's claims against Defendants McCumber-Hemry and

Chadwell for failure to timely serve. Plaintiff has filed objections to both R&Rs. (ECF Nos. 26, 47.)

## PROCEDURAL BACKGROUND

Plaintiff filed his Complaint against several employees of a correctional facility, originally naming them as Defendants: Shawn Brewer, K. Lindsey, J. Howard, C. McCumber-Hemry, S. Stewart, Chadwell, McClaim, King, McDavit, K Francies, and Miss. Howard. (*Id*.) On July 20, 2018, the Court sua sponte dismissed several Defendants and directed service of the Complaint by the United States Marshal on the remaining Defendants: grievance coordinator McCumber-Hemry and corrections officers Chadwell and McClaim. (ECF No. 6.)

On May 14, 2019, Plaintiff filed a motion for leave to file an amended complaint. (*See* ECF No. 8.) Plaintiff clarified that Defendant McClaim is Scott McLain.[1] (*Id*. at Pg ID 30.) He also explained that he "believe[s] Scott Mclain is the one who graded [sic] [his] but [sic] and rubed [sic] his finger between [his] but [sic] sexually assaulting [him]." (*Id*. at Pg ID 32.) The Court referred the matter to Magistrate Judge David R. Grand for all pretrial proceedings, including

---

[1] Defendant's last name is misspelled as "McClain" in various filings and as his party name in the case management/electronic case files system. (*See e.g.*, ECF No. 11.) However, in Defendant's Motion for Summary Judgment and accompanying affidavit, the correct spelling is "McLain". The Court going forward will correct the misspellings.

2

a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation (R&R) on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF Nos. 9, 14.) Magistrate Judge Grand granted Plaintiff's motion but construed the attachment to Plaintiff's motion as a supplemental rather than amended pleading. (ECF No. 10 at Pg ID 41.) In broad terms, Plaintiff alleges that he was threatened sexually by correctional officers and, later, both physically and sexually assaulted by correctional officers in violation of the Eighth Amendment. (Compl., ECF No 1 at Pg ID 3-4; Supp. Compl., ECF No 8 at Pg ID 32-33.) To date, the U.S. Marshal has successfully served only McLain, who filed an Answer to the Complaint (ECF No. 20) and then the pending summary judgment motion (ECF No. 28).

The matter was reassigned to Magistrate Judge Altman on October 15, 2020 and referred to her for all pretrial proceedings on October 22, 2020. On October 30, Magistrate Judge Altman issued an order directing Plaintiff to show cause in writing within 30 days as to why his claims against McCumber-Hemry and Chadwell should not be dismissed without prejudice due to his failure to timely serve them. (ECF No. 23 at Pg ID 81.) The Court indicated, however, that it would vacate the show cause order if Plaintiff provided the full names and addresses of these defendants. (*Id*.) Plaintiff timely responded to the show cause

3

order, arguing that he provided the Court with the information he had (including partial names, places of employment, positions, and physical descriptions), but that he had been unable to obtain the addresses as they were former MDOC employees. (ECF No. 24 at Pg ID 83-84.) He explains that his status as a prisoner causes him to have limited access to MDOC employee information and that these defendants were hiding. (*Id*. at Pg ID 83.) Plaintiff requested that the Court direct MDOC to provide McCumber-Hemry and Chadwell's information to the U.S. Marshal. (*Id*. at Pg ID 84.)

On December 2, 2020, Magistrate Judge Altman issued her R&R recommending that the Court dismiss without prejudice McCumber-Hemry and Chadwell. (ECF No. 25.) Magistrate Judge Altman explains that Plaintiff did not provide the Court with the identities and addresses of McCumber-Hemry and Chadwell despite being warned that his failure to do so could result in dismissal. (*Id*. at Pg ID 90.) At the conclusion of the R&R, Magistrate Judge Altman advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (ECF No. 37 at Pg ID 37-38.) Plaintiff filed objections. (ECF No. 26.)

Magistrate Judge Altman issued a second R&R on January 7, 2022 (ECF No. 46), recommending that the Court grant McLain's June 25, 2021 summary judgment motion (ECF No. 28). Plaintiff filed objections to this R&R, as well.

4

(ECF No. 47.)  In the motion, McLain argues that Plaintiff's Eighth Amendment claim is subject to summary judgment because the alleged misconduct does not rise to the level of cruel and unusual punishment, that he is entitled to qualified immunity, and that the claims against state actors in their official capacity are entitled to sovereign immunity.  (ECF No. 28.)  McLain also attaches to his motion affidavits, Plaintiff's medical records, and various reports which reference a video capturing the incident.  However, the referenced video is not a part of the record.  At the conclusion of the R&R, Magistrate Judge Altman advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them.  (ECF No. 46 at Pg ID 293-94.)

On February 16, 2022, the matter was reassigned to the undersigned pursuant to Administrative Order 22-AO-007 after the unfortunate passing of the Honorable Arthur J. Tarnow.  On March 14, 2022, the Court ordered McLain to submit any video(s) of the assault incident.  (ECF No. 48.)  The Court received a video in response from the MDOC division of the Michigan Attorney General's office and has reviewed it in its entirety in deciding this opinion.

## STANDARD OF REVIEW

When objections are filed to a magistrate judge's R&R on a dispositive matter, the court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

5

28 U.S.C. § 636(b)(1). Nevertheless, the court "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

A court must construe a *pro se* litigant's submissions liberally and interpret them in a manner to raise the strongest arguments they suggest. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, general objections, or those merely restating arguments previously presented, do not sufficiently identify alleged errors on the part of a magistrate judge. *United States v. West*, 789 F. App'x 520, 522 (6th Cir. 2019) (quoting *Howard v. Sec. of HHS*, 932 F.2d 505, 509 (6th Cir. 1991)). An objection that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection. *Howard*, 932 F.2d at 508. Only specific objections are entitled to *de novo* review, not those objections that are "frivolous, conclusive or general." *Mira v. Marshall*, 806 F. 2d 636, 637 (6th Cir. 1986) (internal quotation marks and citation omitted).

## ANALYSIS

## Motion for Summary Judgment

In her January 7, 2022 R&R, Magistrate Judge Altman recommends that the Court grant McLain's summary judgment motion because there are no issues of material fact as to Plaintiff's excessive force claims based on either the assault with a chemical agent or sexual assault.

Specifically, with respect to the assault with a chemical agent, Magistrate Judge Altman explains that this case is analogous to cases in the Sixth Circuit finding no violation of the Eighth Amendment. (ECF No. 46 at Pg ID 288 (citing *Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004) (finding no violation when pepper spray was used in response to prisoner's refusal to exit the shower); *Caldwell v. Moore*, 968 F.2d 595, 600 (6th Cir. 1992) (collecting cases that support uses of force to maintain discipline in the prison context)). Plaintiff alleges in his Complaint that he was participating in a "peaceful protest" when the chemical agent was administered. (Compl., ECF No. 1 at Pg ID 3; Supp. Compl., ECF No. 8 at Pg ID 32.) However, the MDOC Critical Incident Report states that officers were to complete a strip search due to security concerns, but Plaintiff did not comply. (ECF No. 28-3 at Pg ID 141.) After two shifts of correctional officers attempts to gain his compliance, on the following day, Warden Brewer authorized the use of a chemical agent, and a health unit manager cleared Plaintiff medically

7

for its use. (*Id.*) Following Plaintiff's extraction from the cell, a medical evaluation was performed and no injuries from the extraction were detected. (*Id.* at Pg ID 141, 151.) As Magistrate Judge Altman finds, the evidence undisputedly shows that the chemical agent was used to obtain Plaintiff's compliance with correctional officers' orders during a cell extraction. (ECF No. 46 at Pg ID 288-89.)

Plaintiff's second Eighth Amendment claim relates to McLain's alleged sexual assault of Plaintiff during the extraction. Plaintiff alleges that, before the extraction, correctional officers threatened that they were going to sexually assault him. (Compl., ECF No. 1 at Pg ID 3; Supp. Compl., ECF No. 8 at Pg ID 32-33.) In a statement Plaintiff made a day after the incident, he charged: "once I was in cuffs someone started grabbing my but [sic] cheek and rubing [sic] his finger between my buttocks." (ECF No. 28-3 at Pg ID 157.) However, Magistrate Judge Altman concludes that this incident was analogous to *Tuttle v. Carroll County Detention Center*, 500 F. App'x 480 (6th Cir. 2012), where the Sixth Circuit affirmed a district court's finding that a "bare-bones allegation that the female deputy '*grabbed* my privates and *squeezed them really hard*' . . . is simply too

8

subjective and vague to state an Eighth Amendment violation." (ECF No. 46 at Pg ID 289-90 (quoting *Tuttle*, 500 F. App'x at 482) (emphasis in original).)

Magistrate Judge Altman further concludes that even if the facts alleged by Plaintiff state an Eighth Amendment claim, they are blatantly contradicted by a holistic review of the record." (*Id.* at Pg ID 290 (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007) (finding while relying on videotape evidence that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."))) Magistrate Judge Altman relies on the contravening facts in a prison inspector report. (*Id.* at Pg ID 290-91.) The inspector reviewed video evidence and finds that "the evidence and witness statements do not support [McLain] or anyone . . . grabbing Simmons['] butt cheek or rubbing their fingers between his buttocks." (ECF No. 28-3 at Pg ID 155.) Magistrate Judge Altman concludes that Plaintiff's only evidence that a sexual assault occurred are his own allegations" and found summary judgment therefore appropriate. (*Id.* at Pg ID 290-91.)

As Magistrate Judge Altman concludes that Plaintiff fails to show that McLain violated his constitutional rights, she also concludes that McLain is entitled to qualified immunity. (*Id.* at 292.) She further concludes that McLain is entitled to Eleventh Amendment immunity on Plaintiff's official capacity claims

9

against him due to his status as an MDOC employee. (*Id*. at 293 (citing *Sims v. Mich. Dep't of Corr.,* 23 F. App'x 214, 215 (6th Cir. 2001).)

In an abundance of caution, the Court also reviewed video footage of the cell extraction following its Order (ECF No. 48) directing McLain to submit any video from the incident. The Court was able to verify that the cell extraction was consistent with McLain's version of events. Therefore, the video corroborates Magistrate Judge Altman's findings that there is no issue of fact.

In response to the R&R, Plaintiff asserts sixteen objections. (ECF No. 47.) Most of the objections do not articulate a flaw in the magistrate judge's analysis. Rather, the objections merely restate what Plaintiff already alleged or attack the sufficiency of the proofs alleging falsified documents, misconduct, and retaliation.[2] Regarding, the sufficiency of the proofs, Plaintiff does not proffer any affidavits or other evidence, other than his own testimony, disputing any of these facts described by McLain. *See* Fed. R. Civ. P. 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . .[,] the court may . . . consider the fact undisputed for purposes of the motion [or] [] grant summary judgment if the motion and supporting materials—

---

[2] In Plaintiff's objections, he alleges that on several dates following the initiation of this lawsuit, employees of a correctional facility retaliated against him. (ECF No. 46 at Pg ID 303.) These allegations are not before the Court on Plaintiff's current pleadings and, therefore, the Court does not consider them.

including the facts considered undisputed—show that the movant is entitled to it . . . ."); *but compare Perez v. Michigan State Police Dep't*, No. 1:19-CV-666, 2020 WL 7060216, at *1-2 (W.D. Mich. Dec. 2, 2020) (holding that plaintiff's testimony created an issue of fact and was distinguishable from the holding in *Harris* when three State Troopers testified that they hit the plaintiff once and the plaintiff testified that one of the Troopers struck him five times.) Therefore, the Court does not consider these objections to be valid. Further, a "general objection to the entirety of the magistrate [ judge]'s report has the same effect[] as . . . a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard*, 932 F.2d at 509. For this reason, the Court deems Plainitff's objections which do not point to an error with Magistrate Judge Altman's R&R waived.

In one objection, Plaintiff argues that Magistrate Judge Altman did not apply the correct excessive force test. (ECF No. 47 at Pg ID 305 (citing cases).) The Court disagrees, finding that Magistrate Judge Altman articulated the appropriate test. (*See* ECF No. 46 at Pg ID 286-87.) Therefore, after carefully reviewing the R&R, the Court concurs with the conclusions reached by Magistrate Judge Altman and is adopting the recommendation to grant summary judgment to McLain.

The reasoning for granting summary judgment to McLain applies, as well, to Plaintiff's claims against McCumber-Hemry and Chadwell, to the extent Plaintiff

claims they were responsible for the alleged sexual assault. Plaintiff also alleges that McCumber-Hemry assaulted him with a stack of papers and is responsible for the "denial of due process in connection with the grievance proceedings . . .: (ECF No. 1 at Pg ID 3; ECF No. 8 at Pg ID 33.) However, the Supreme Court has explained that "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson v. McMillian*, 503 U.S. 1, 9–10 (1992) (emphasis in original) (quoting *Whitley v. Albers*, 475 U.S. 312, 327 1986)). "[T]he throwing of papers is the sort of minimal use of force that does not 'give[ ] rise to a federal cause of action.'" *Thompkins v. Horrocks*, No. 2:21-CV-5, 2021 WL 302615, at *3 (W.D. Mich. Jan. 29, 2021) (citing *Hudson*, 503 U.S. at 9.) As such, Plaintiff fails to state an Eighth Amendment claim against McCumber-Hemry.

Plaintiff also alleges that Chadwell said, prior to the alleged sexual assault: "[Y]ou do not know what we have in store for your ass." (ECF No. 1 at Pg ID 3.) Plaintiff claims this threat was made in a "sexually aggressive manner." (*Id*.) In his supplemental complaint, Plaintiff alleges that Chadwell planned the sexual assault which McLain performed. (ECF No. 8 at Pg ID 33.) An allegation of a threat without more, however, is *de minimis*. *See Hudson*, 503 U.S. at 9; *see also*

*Clark v. Turner*, 103 F.3d 128 (6th Cir. 1996) ("Verbal harassment or idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights."); *see also Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (concluding that allegations of verbal harassment "demonstrate shameful and utterly unprofessional behavior by [correctional officer], [but] they are insufficient to establish an Eighth Amendment violation.")); *but see Small v. Brock*, 963 F.3d 539, 541 (6th Cir. 2020) (holding that the plaintiff stated an Eighth Amendment claim when "without provocation, a prison official threatened the prisoner's life on multiple occasions and took concrete steps, such as aggressively brandishing a deadly weapon, to make those threats credible.") Therefore, Plaintiff fails to state an Eighth Amendment claim against Chadwell, as well.

The Court therefore is sua sponte dismissing Plaintiff's claims against Chadwell and McCumber-Hemry. For this reason, the Court finds Magistrate Judge Altman's December 2, 2020 R&R (ECF No. 25) and Plaintiff's objections thereto (ECF No. 26) to be moot.

Accordingly,

**IT IS SO ORDERED** that Magistrate Judge Altman's January 7, 2022 R&R (ECF No. 46) is **ADOPTED**;

**IT IS FURTHER ORDERED** that Defendant Scott McLain's motion for summary judgment (ECF No. 28) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's claims against McCumber-Hemry and Chadwell are sua sponte **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that Magistrate Judge Altman's December 2, 2020 R&R (ECF No. 25) and Plaintiff's objections thereto (ECF No. 26) are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: March 24, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 24, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager