UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENZEL A. SIMMONS,

        Plaintiff,

                                      Civil Case No. 18-11040
v.                                   Honorable Linda V. Parker

SHAWN BREWER, et al.,

        Defendants.
_____/

## OPINION & ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION (ECF NOS. 54 AND 55)

Plaintiff Denzel Simmons, a Michigan prisoner, filed a pro se civil rights action under 42 U.S.C. § 1983 against several defendants. (ECF No. 1.) On July 20, 2018, the Court sua sponte dismissed several Defendants and directed service of the Complaint on the remaining Defendants: C. McCumber-Hemry, Chadwell) and Scott McClaim. (ECF No. 6.) On March 24, 2022, this Court granted Defendant McLain's summary judgment motion and sua sponte dismissed Plaintiff's claims against Defendants Chadwell and McCumber-Hemry. (ECF No. 49.) Plaintiff thereafter filed a motion to compel discovery, which the Court denied as moot. (ECF No. 53.) The matter is presently before the Court on Plaintiff's motions for reconsideration of the Court's recent decisions. (ECF Nos. 54 and 55.)

### RECONSIDERATION OF THE COURT'S MARCH 24, 2022 DECISION

This matter previously was referred for all pretrial proceedings to Magistrate Judge Kimberly G. Altman. (*See* ECF No. 22.) On February 12, 2020, Magistrate Judge Altman filed a report and recommendation ("R&R"), recommending that this Court dismiss Plaintiff's claims against McCumber-Hemry and Chadwell due to both his failure to timely serve them and to provide valid addresses for them. (ECF No. 25 at Pg ID 88.) Plaintiff filed objections to the R&R. (ECF No. 26.)

Subsequently, Defendant McClain filed a motion for summary judgment. (ECF No. 28.) On January 7, 2022, Magistrate Judge Altman issued an R&R recommending that this Court grant Defendant McClain's motion. (ECF No. 46.) Plaintiff objected. (ECF No. 47.)

In its March 24 decision, the Court adopted Magistrate Judge Altman's recommendation to grant Defendant McClain's summary judgment decision. (ECF No. 49.) The Court agreed with the magistrate judge that Plaintiff failed to state viable Eighth Amendment claims against him. For the same reasons, the Court held that Plaintiff's claims against Defendants McCumber-Hemry and Chadwell failed, and therefore sua sponte dismissed those claims. The Court accordingly found moot Magistrate Judge Altman's recommendation to dismiss the same claims without prejudice due to Plaintiff's failure to serve Defendants

McCumber-Hemry and Chadwell or provide addresses for them. As indicated, Plaintiff moves for "reconsideration" of this final order.

Eastern District of Michigan Local Rule 7.1(h)(1) precludes motions for reconsiderations of final orders or judgments. Instead, motions seeking relief from a final order or judgment must be filed under Federal Rule of Civil Procedure 59(e) or 60(b). E.D. Mich. LR 7.1(h)(1). Thus, the Court construes Plaintiff's motion as being filed under one or both of these rules.

Motions to alter or amend judgment pursuant to Rule 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)); *see also Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)) ("A motion under Rule 59(e) is not an opportunity to re-argue a case."). "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly because of the interests in

finality and conservation of scarce judicial resources." *In re J & M Salupo Dev. Co.*, 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008) (quoting *Am. Textile Mfrs. Inst., Inc. v. Limited Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998)).

Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for a number of reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (internal quotation marks and citations omitted).

In his motion, Plaintiff contends that in finding his objections to Magistrate Judge Altman's R&R regarding Defendants McCumber-Hemry and Chadwell moot, the Court deprived him of "fair consideration, due consideration, legally

sufficient consideration, due process of law and equal protection of law within its jurisdiction." (ECF No. 54 at Pg ID 337.) Plaintiff further contends that this Court made a plain error and mistake of law in reaching its determination, thus voiding the order completely. (*Id*. at 339-340.) However, when the Court sua sponte dismissed Plaintiff's claims against these Defendants on the merits, this rendered moot Magistrate Judge Altman's R&R recommending dismissal on a procedural basis. It therefore also rendered moot Plaintiff's objections to the R&R. Moreover, the Court finds that Plaintiff's contentions are only conclusory statements void of any clear and convincing evidentiary basis warranting the reversal of this Court's order. As such, Plaintiff fails to demonstrate a basis to disturb the order under Rule 59(e) or Rule 60(b).

Plaintiff's remaining arguments merely reassert arguments previously rejected by this Court. In doing so, Plaintiff has not presented any new or exceptional circumstances that would justify ruling against "…the interests in finality and conservation of scarce judicial resources." *In re J & M Salupo Dev. Co.*, 388 B.R. at 805 (quoting *Am. Textile Mfrs. Inst., Inc.*, 179 F.R.D. at 547. As such, Plaintiff fails to demonstrate a basis under Rule 59(e) or Rule 60(b) to warrant reconsideration or relief from judgment.

**RECONSIDERATON OF THE COURT'S APRIL 15, 2022 DECISION**

The Court found Plaintiff's motion to compel discovery moot as his claims had been dismissed and the case had been closed. Plaintiff seeks reconsideration of this, technically, non-final order.

On December 1, 2021, the Eastern District of Michigan amended Local Rule 7.1(h), which lays out the procedures and standards for motions for reconsideration. Now, "[m]otions for reconsideration of non-final orders are disfavored" and may only be granted on three grounds: (1) a mistake of the court "based on the record and law before the court at the time of its prior decision" if correcting the mistake would change the outcome of the prior decision; (2) "[a]n intervening change in controlling law warrants a different outcome"; or (3) "[n]ew facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision." *Id.*

Plaintiff fails to show that any of these grounds warrant relief. Once his claims were dismissed with prejudice and this case was closed, his request for discovery was moot.

## CONCLUSION

In short, Plaintiff fails to demonstrate grounds for this Court to reconsider, set aside, or grant him relief with respect to the decisions at issue.

Accordingly,

**IT IS ORDERED** that Plaintiff's motions for reconsideration (ECF Nos. 54 and 55) are **DENIED**.

          s/ Linda V. Parker
          LINDA V. PARKER
          U.S. DISTRICT JUDGE

Dated: November 16, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 16, 2022, by electronic and/or U.S. First Class mail.

          s/Aaron Flanigan
          Case Manager