UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENZEL A. SIMMONS,

        Plaintiff,

v.

        Civil Case No. 18-11040
        Honorable Linda V. Parker

SHAWN BREWER, *et al.*,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT (ECF NO. 60)

This matter is presently before the Court on pro se Plaintiff Denzel A. Simmons' motion to alter or amend judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b).  (ECF No. 60.)  Plaintiff seeks to have the Court alter or amend judgment asserting that the Court "misunderstood and misaplyed [sic] simmons's [sic] claims, wrongly identified adjudicated claims of facts with evidence of fraud on the court and HIPAA crimes, used state law to over ride [sic] federal law to refuse to uphold or inforce [sic] supreme court state and federal law." (*Id.* at Pg ID 382.)  Rule 59(e) provides that a litigant may file a motion to "alter or amend a judgment."  However, "[t]he time for doing so is short—28 days from entry of the judgment, with no possibility of an extension." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (noting that Fed. R. Civ. P. 6(b)(2) prohibits

extensions to Rule 59(e)). The Judgment in this matter was entered on March 24, 2022. Plaintiff's current motion pursuant to 59(e) was filed on January 1, 2023, which is well beyond the 28-day window.

Federal Rule of Civil Procedure 60(b) provides six methods to undue a final judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

*GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 372 (6th Cir. 2007). Although Plaintiff fails to specify which method he wishes to argue applies to his case, the motion would be unsuccessful on any option. According to Plaintiff's motion, he seeks to alter or amend "ECF Nos. 54 and 55." (ECF No. 60 at Pg ID 382.) The Court construes this as an error and instead concludes that Plaintiff actually seeks for this Court to amend or alter the "Orders" regarding Plaintiff's motions, which would be ECF Nos. 57 and 59. However, the Court will not entertain this argument for two reasons. First, Rule 60(b) motions are created to amend judgments, not orders on motions for reconsideration. *See Kemp v. United States*, 142 S. Ct. 1856, 1861

(2022) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)) ("Federal Rule of Civil Procedure 60(b) permits 'a party to seek relief from a ***final judgment***, and request reopening of his case, under a limited set of circumstances.' ") (emphasis added).

Second, parties are only allowed to request that a court reconsider an order once, *see* Eastern District of Michigan Local Rule 7.1(h)(4), yet Plaintiff continues to re-file motions for consideration on the same issues. (ECF Nos. 54, 55.) The Court sees this current filing pursuant to Rules 59(e) and 60(b), to be Plaintiff's attempt to find an alternative route to obtaining a different outcome. This is improper procedure, futile, and a waste of the Court's time and resources. As such, any further motions seeking the court to reconsider or amend its orders on reconsideration will be immediately stricken from the record.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion Under 59(e) and 60(b) to Alter or Amend Judgment (ECF No. 60) is **DENIED.**

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: June 21, 2023

3

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 21, 2023, by electronic and/or U.S. First Class mail.

                                            s/Aaron Flanigan
                                            Case Manager